**SİRKECİ**
**TERCÜME   BÜROSU**
( Yeminli Mütercimler )
Translation Bureau – Übersetzungsbüro
Her Dilden Özel ve Resmi Tercüme
Noter,Valilik ve Konsolosluk Tasdikleri
Kuruluş: 1975
Tel : (0212) 527 62 33 – 513 53 68   Fax : 513 29 93
Ankara Caddesi Atabay Han No : 169 Kat : 1/105
Sirkeci/ İSTANBUL / TÜRKİYE

09 -325

1

TERCÜME – TRANSLATION -ÜBERSETZUNG

_____@gmail.com
_____rcume.com
_____e.com

**TURKISH REPUBLIC**

**PENDIK**

**1ST CRIMINAL COURT OF FIRST INSTANCE**

**PRINCIPLE NO. 2009/325**

**TO THE JUDICIAL AUTHORITIES OF UNITED STATES OF AMERICA**

A public case has been opened against the defendant Juan Francisco Sanchez who is the son of Antonio born from Maria, who was born on 1974, because of the fact that on the date of crime 03.03.2009, the defendant, while he was trying to go abroad, has been caught with others along with the passports they have presented to the officers of the Sabiha Gökçen Airport, that it has been determined following the criminal examination conducted on the passports that they are fake and are provided with abusing abilities, that a list containing   the names and serial numbers belonging to several individuals has been found on Juan, and that the defendants have committed the crime by acting in cooperation and consciously for the same act.

The articles 37/1, 204/1, 53 54 and the sub clauses of the TPC with number 765 are to be applied for the act of the defendant.

We would like to request from your good side, as per the Convention on Extradition and Mutual Assistance in Criminal Matters

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
**Judge of the 1st Criminal Court of First Instance Pendik**

between the Turkish Republic and the United States of America, to call the defendant JUAN FRANCISCO SANCHEZ whose identity and address are written here below, to summon him incase he doesn't appear before you, to determine his identity, to explain him the crime he is charged with, to remind him that he has the right of not saying anything (keep silence), to bring forward evidences to be discharged of the crime and to request the gathering of these evidences, to assign an attorney and to ask for his defense. We thank you in advance for your kind cooperation and ask your good side to accept our deepest regards. 25.03.2009

Mustafa ÖZPAK

26044

Judge of the 1st Criminal Court of First Instance Pendik

(Official Stamp and Signature)

Clerk 70011

**THE DEFENDANT:** Juan Francisco Sanchez: He is the son of Antonio, born from Maria. He was born on 1974. He is residing in the address of ▮▮▮▮▮▮▮ ▮▮▮▮ Miami Florida USA.

3

**TURKISH REPUBLIC**
**PENDIK**
**OFFICE OF THE PUBLIC PROSECUTOR**

**Investigation nr.** : 2009/3790
**Principle nr.** : 2009/1713
**Indictment nr.** : 2009/1096

**THE INDICTMENT**

**TO THE CRIMINAL COURT OF FIRST INSTANCE OF PENDIK**

**The plaintiff**        : P.L.

**The suspects**        : 1- JOKAYRA MATEO URENA, she is born from JHONY MATEO and ENERCIDA URENA CARDERON, on ▇▇▇.1987, in San Juan. She is of Dominican Republic nationality. She is residing in the address of ▇▇▇▇▇▇ Athens – Greece

2- DANNA RAMIREZ MATEO, she is born from JOSELIN RAMIREZ and DILCIA MATEO, on ▇▇▇1987. She is of Dominican Republic nationality. She is residing in the address of ▇▇▇▇ Athens – Greece.

3- JUAN FRANCISCO SANCHEZ, He is the son of Antonio, born from Maria. He is born on ▇▇▇.1974,

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
**Judge of the 1st Criminal Court of First Instance Pendik**

4

he is residing in the address of ███████████ ██████.

| | |
|---|---|
| **The charge** | : Fraudulency on official document. |
| **The date and time** | |
| **Of crime** | : 03/03/2009 – at 2.30  p.m. |
| **The place of crime** | : Sabiha Gökçen Airport – Pendik |
| **The article of transfer** | : The articles 37/1, 204/1, 53, 54 of the Turkish Penal Code (separately and once for each suspect) |
| **The evidences** | : The allegation, the documents subject to the crime and that are registered on the bailee at law with number 2009/331, the expertise report and the content of other documents. |

### The documents of investigation have been examined

It has been understood from the content of the whole documents that the suspects Danna and Jokayra, while they were going abroad with the passports procured by the other suspect, have been caught along with the passports they have presented to the officers of the Sabiha Gökçen Airport, that it has been determined following the criminal examination conducted on the passports that the visa stamps were fake and were  provided with abusing abilities, that a list containing  the names and serial numbers belonging to several individuals has

*This document has been translated into English*
*pursuant to its original in Turkish.*

**Mustafa ÖZPAK**
**26044**
**Judge of the 1st Criminal Court of First Instance Pendik**

5

been found on the suspect Juan, and that the defendants have committed the crime by acting in cooperation and consciously for the same act.

It is requested and alleged for the name of the public to judge the suspects in your court, to punish them with the articles of transfer aforesaid that are in conformity with their acts, to confiscate the evidences of the crime and to take the security measurements mentioned in the transfer articles. 13/03/2009

İsmail Değirmenci 38073

Public Prosecutor

Seal and signature

Mustafa ÖZPAK
26044
Judge of the 1st Criminal Court of First Instance Pendik

6

## Minutes of the Statement

(For the suspect: CCP 147, 150)

**The deponent's\*                    :**

| | |
|---|---|
| Identity number of the | |
| Turkish Republic | : Citizen of the United States of America |
| First and family name | : Juan Francisco SANCHEZ |
| First names of the | |
| Father and the mother | : Antonio – Maria |
| Place and date of birth | : United States of America – ███ 1974 |
| The place of birth registry | : United States of America – Florida |
| The residence address and | |
| Phone number | : ███████ Miami Florida |
| | United States of America |
| The business address | : The same address |
| Phone number if any (home- | |
| work-cell-communication) | : ████ 8453 |
| e-mail address | : none |
| Education | : University |
| Profession, economical Situation | : owner of a website providing job internationally – 3000 Dollars |
| Gender | : Male |
| Marital status – number of child | : Single – 2 children |
| The statement has been Taken in | : Police station in Sabiha Gökçen Airport |
| The date and time of theStatement | : 04.03.2009 at 12.50 a.m. |

*This document has been translated into English pursuant to its original in Turkish.*

**Mustafa ÖZPAK**
**26044**
**Judge of the 1st Criminal Court of First Instance Pendik**

The subject of the statement   : Fraudulency on official document, illegal human traffic, contribution to the fraudulency on document.

*The deponent has been told and explained about the crime that is charged, he has been reminded that he has the rights of choosing a defense attorney and getting profit of his legal assistance, that his attorney can be present during the time the statement is taken, that he can ask a defense attorney to be assigned by the bar if he hasn't got any and if he wants to get profit from the legal assistance of a defense attorney, that his relatives will be immediately informed of his arresting if we wants to, that he has the legal right of not giving any explication about the crime that is charged and that he can ask the gathering of the concrete evidences to be discharged of the suspicion.*

**It has been asked / as reply:** He said; "The above information on identity and address are correct and mine. I have been told all my rights by the intermediary of the translator and I would like to make my statement in the presence of my attorney whom I have asked to be assigned by the bar of Istanbul. I have arrived Turkey on the date of 21.02.2009. Then I have left for Athens on the date of 23.02.2009. Later I have met in Turkey on the date of 26.02.2009 together with my girlfriend Danna RAMIREZ MATEO and her friends Jokayra MATEO URENA and Joel Tomas TORRES JIMENEZ. Since that date we have been in Turkey in Istanbul. On the date of 03.03.2009 around 14.30, while we were leaving the country from the Sabiha Gökçen Airport to go to Italy with my friends whose name are mentioned here above, I have been arrested due to the reason that the stamps of the Greece visa on the passports of our girlfriends were fake and stolen. I don't know that the visa stamps in subject were stolen. I don't

*This document has been translated into English pursuant to its original in Turkish.*

**Mustafa ÖZPAK**
**26044**
**Judge of the 1st Criminal Court of First Instance Pendik**

8

know exactly where they have been obtained. The name list with photos mentioned as found on me on the minutes that has been issued, has not been found on me. It has been found among the flight tickets of my girlfriend Danna RAMIREZ MATEO. I don't accept the accusations. That's all I have to say." The statement has been read in his presence and has been signed. 04.03.2009 time 13:10

| The statement Has been taken by Jrhan Urtekin | The statement has been typed by Yücel Karataş | The Attorney Att. Banu Geydir Ist. Bar. -24836 | The translator Kamil Güller ▓▓▓ 50 91 | The deponent Juan Francisco SANCHEZ Suspect |
| --- | --- | --- | --- | --- |
| Police officer Signature | Police officer Signature | Signature | Signature | Signature |

Note: In case the deponent doesn't sign the minutes of the record the reasons are asked and they are added on the minutes also. The technical means used to register the minutes are also mentioned on the bottom of the statement.

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
Judge of the 1st Criminal Court of First Instance Pendik

**PRECAUTIONS**

**DEPRIVING FROM USING CERTAIN RIGHTS**

**ARTICLE 53-** (1) A person, as legal result of imprisonment due to crime committed by that person, he will be deprived from following aspects.

a)     Assuming permanent and with fixed period or temporary public duty and task under this scope form membership of the grand National Assembly of Turkey or to be employed in all government official and services subjected to appointment or election given by state, province, municipality, village or institutions and establishments which are under supervision and inspection of these.

b)     Competency to elect and to be elected and exercising other political rights.

c)     From guardianship right to render service related to guardianship and administrator, trustee.

d)     To be executive or auditor of foundations, associations, trade-unions, company, co-operative and political party legal person.

e)     To execute as merchant or free occupation member under his own responsibility a profession or art subjected to permission of a public establishment or occupation institution in capacity of public establishment.

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZIŞAK
26044
Judge of the 1st Criminal Court of First Instance Pendik

10

(2)    Person can not use these rights till execution and enforcement of imprisonment term punished for crime committed by him.

(3)    Provisions of above-paragraphs can not be applied from viewpoint of guardianship, ward ship and trustee authorities of sentenced person whose imprisonment term has been deferred or released under condition decision may be given not to apply right depriving mentioned in (e) sub-paragraph of first paragraph against sentenced person whose imprisonment term has been deferred.

(4)    Provisions of first paragraph can not be applied against persons whose short-term imprisonment punishment has been deferred or who are under eighteen years age when crime was committed.

(5)    In case of imprisonment due to reason of crimes committed by abusing one of rights and authorizations stated in the first paragraph in addition, decision will be imposed to prohibit to apply these rights and authorities up to one time from half rate punishment sentenced to be committed after execution of punishment. In case that only legal monetary fine punishment has been imposed due to reason of crime committed by abusing one of rights and authorizations decision will be imposed to prohibit application of these rights and authorization till one time of half of number of days stipulation in related provision, period in respect with prohibition enforced by finalization of sentence will start to be effective as from complete execution of legal monetary fine.

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
Judge of the 1st Criminal Court of First Instance Pendik

(6)    In case of imprisonment of curtained crime committed due to reason of opposition to obligation about showing care and attention required by certain occupation or art or traffic arrangement, provided that it will not be lesser than three months and more than three years period-decision may be given to prohibit performance of this occupation or art or cancellation of driving license. Prohibition and cancellation will enter into force and effect after finalization of that sentence and period will start to be effective after full and complete execution and enforcement of this punishment.

## ARTICLE – 54 OF THE TURKISH PENAL CODE NUMBERED – 5237:

**ARTICLE 54** - (1): Provided that it will not belong to third persons with good faith and intent: goods used in committing a crime on purpose on allocated to commit  crime on prepared to be used to commit a crime sentenced to detain subject goods will be confiscated and seized if it is dangerous from viewpoints of public security public health or general ethics.

*This document has been translated into English pursuant to its original in Turkish.*

**Mustafa ÖZPAK**
**26044**
**Judge of the 1st Criminal Court of First Instance Pendik**

12

## ARTICLE TO BE APPLIED

## ARTICLE 147 OF THE TURKISH PENAL CODE NUMBERED – 5271

STATEMENT AND INTERROGATION PROCEDURE-
TYPE OF STATEMENT AND INTERROGATION

**ARTICLE NO: 147** (1) The following aspects should be observed and complied with during taking statement of suspect or defendant or interrogation :

a) Full identity of suspect or defendant will be determined. Suspect or defendant will be obligated to answer questions correctly related to his/her identity information.

b) Crime attributed to him/her will be explained.

c) It will be advised to suspect or defendant that he has the right to select attorney and can benefit from legal assistance of the lawyer and that attorney can be present during taking statement or interrogation. If he is not under condition to select an attorney and that in case that he wants to benefit from legal assistance of attorney, then, an attorney will be assigned and appointed by bar to him.

d) Provided that provisions of article No: 95 will be kept reserved. It will be informed to relatives of arrested person to ones he prefers about his arrest.

e) It will be told to him that he has a legal right not to make explanation about attributed crime.

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
Judge of the 1st Criminal Court of First Instance Pendik

f) It will be reminded to him that he may request collection of concrete evidences in order to be relieved from suspicion and possibility will be recognized to eliminate suspicion reasons being against him and to assert aspect being in his favor.

g) Information will be obtained about personal and economic condition of person giving statement or subjected to interrogation.

h) Technical possibilities will be applied during recording of statement and interrogation procedures.

i) Statement or interrogation will be bound to a protocol. This subject protocol will include below-mentioned aspects.

1) Place and date where and when statement taking or interrogation procedure has been made.

2) Full names and capacities of persons who are present during statement taking or interrogation procedures and full identity of person giving statement or subjected to interrogation.

3) Whether above-mentioned aspects have been executed during statement taking or interrogation procedures or not and reasons and grounds why such procedures have not been executed.

4) Contents of protocol have been read by person giving statement or subjected to interrogation and present attorney and signed respectively.

5) In case of avoiding signing then related reason and grounds.

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
Judge of the 1st Criminal Court of First Instance Pendik

14

**ARTICLE – 201 / 1 OF THE TURKISH PENAL CODE NUMBERED – 5237:**

**ARTICLE – 204 . (1 )**Person who has arranged an official document as false changed a real and actual official document in the mannen to deceive other persons on who use a false official document will be punished for imprisonment term from two years period up to five years period.

**(2)** Public official who arranges an official document authorized to arrange as per his duty as a false document and changes actual official document in the manner to deceive other persons and who arranges a document in contradiction to actual fact or who uses falsified official document will be punished for imprisonment term from three years period up to eight years period (Criminal law for major cases)

**(3)** If the official document will be in nature of document being valid and effective till it is found out to be false, then punishment to be imposed will be increased in half rate.

*This document has been translated into English pursuant to its original in Turkish.*

Mustafa ÖZPAK
26044
**Judge of the 1st Criminal Court of First Instance Pendik**

**SİRKECİ**
**TERCÜME BÜROSU**
( Yeminli Mütercimler )
**Translation Bureau – Übersetzungsbüro**
**Her Dilden Özel ve Resmi Tercüme**
**Noter,Valilik ve Konsolosluk Tasdikleri**
Kuruluş: 1975
Tel : (0212) 527 62 33 – 513 53 68   Fax : 513 29 93
Ankara Caddesi Atabay Han No : 169 Kat : 1/105
Sirkeci/ İSTANBUL / TÜRKİYE
E-mail: sirkecitercume@gmail.com

1

**Turkish Republic**
**Pendik**
**1st Criminal Court of First Instance**

### Minutes of the Hearing

| | |
|---|---|
| File no. | : 2009/325 |
| Date of the hearing | : 10/06/2010 |
| Hearing no. | : 6th |

The Judge : Mustafa ÖZPAK 26044

Public prosecutor : Mustafa ÇİÇEK 37118

The clerk : Melek SARIYER 70008

The 6th hearing has been opened in the defined date and time. The public judgment has been in process.

It has been seen that Attorney Rıfat Karadağ, claiming to be the representative of the defendant Juan Francisco was present.

It has been understood that Attorney Rıfat Karadağ has been assigned by the bar to represent Juan Francisco Sanchez, the letter of instruction addressed to the International Criminal Matters of the Ministry of Justice of the United States of America is read to him:

The defense attorney is asked: He said "I accept to represent Juan Francisco Sanchez, I have examined the file and I agree that his statement is taken. Let the letter of instruction be written".

*This document has been translated into English pursuant to its original in Turkish.*

Judge 26044
(signature)

2

There is no need for the letter of instruction addressed to Criminal Court of First Instance of Ankara.

**Per Curiam; As per the request:**

1- It has been decided to deliver to the translator the translation document which was received, to have the points concerning the Attorney mentioned on the enclosed minutes of hearing to be translated and to send a letter once again to the Ministry of Justice   together with the documents to have the statement of the defendant,

2- to postpone therefore the hearing to 30/09/2010 at 10.00 o'clock. 10/06/2010

Clerk 70008                                    Judge 26044

(signature)                                    (signature)

This document has been translated into English pursuant to its original in Turkish.

Judge 26044

(signature)

T.C
PENDİK
1.ASLİYE CEZA MAHKEMESİ
ESAS     NO: 2009/325

## AMERİKA ADLİ MAKAMI'NA

Sanık Antonio oğlu, Maria'dan olma, 1974 d.lu. JUAN FRANCISCO SANCHEZ hakkında 03.03.2009 tarihinde, sanığın suç tarihinde yurt dışına çıkmak isterlerken sabiha gökçen havalimanı görevlilerine ibraz ettikleri pasaportlar ile yakalandıkları, pasaportlar üzerinde yaptırılan kriminal incelemede vize pullarının sahte ve iğfal kabiliyetine haiz olduklarının tespit edildiği, Juan üzerinde de başka bir çok şahsa ait isim ve seri numaralı liste ele geçirildiği, sanıkların aynı eylem ve irade birliği içerisinde hareket etmek suretiyle atılı suçu birlikte işledikleri nedeni ile mahkememize kamu davası açılmıştır.

Sanığın eylemine 765 sayılı TCK.nun 204/1,53,54 madd ve fıkraları hükümlerinin uygulanması söz konusu bulunmaktadır.

Aşağıda açık kimliği ve adresi yazılı sanık JUAN FRANCİSCO SANCHEZ 'ın davet olunarak "Türkiye Cumhuriyeti ile Amerika Birleşik Devleteleri arasında Suçluların geri verilmesi ve ceza işlerinde karşılıklı Adli Yargı Yardımyaşma Antlaşması" Kuralı gereği gelmemesi halinde celp edilere, kimliğinin tespit edilip, isnat olunan suç kendisine anlatılıp, hiç bir şey söylememe (Susma) isnat dan kurtulması için delil ileri sürme ve bunların toplanmasını isteme, müdafi tayin etme hakları olduğu, hatırlatılarak, Duruşma tutanağındaki Avukatla ilgili hususlarda ekte gönderilmiş olup, savunmalarının alınmasına ve sorgularınınyapılmasına,

Rica ve bu vesile ile yardımlarınız için şimdiden teşekkür eder, saygılar sunarım.01/07/2010

Mustafa ÖZPAK
26044
Pendik 1.Asliye Ceza Mahkemesi Hakimi

SANIK  : JUAN FRANCISCO SANCHEZ: Antonio oğlu, Maria'den olma,
            1974 D.lu. ████████ Miami Florida AMERİKA Adresinde oturur.

Eki      : 1- İddianame
            2- Şüpheli ifade tutanağı
            3- Uygulanması muhtemel Kanun maddeleri.,

2 4 Mart 2009

H:26044

**T.C.**
**PENDİK**
**CUMHURİYET BAŞSAVCILIĞI**

Soruşturma No : 2009/3790
Esas No : 2009/1713
İddianame No : 2009/1096

*2009/2769 d. dno*
*£ 23/325*
*08.06.09*

**İ D D İ A N A M E**
**PENDİK ASLİYE CEZA MAHKEMESİNE**

| | |
|---|---|
| **DAVACI** | **: K.H.** |
| **ŞÜPHELİLER** | : 1- JOKAYRA MATEO URENA, JHONY MATEO ve ENERCİDA URENA CARDERON'den olma, san juan ▮.1987 doğumlu, DOMİNİK CUMHURİYETİ uyruklu.▮.Atina-Yunanistan adresinde oturur. |
| | 2- DANNA RAMIREZ MATEO, JOSELIN RAMİREZ ve DİLCİA MATEO'den olma,▮.1987 doğumlu, DOMİNİK CUMHURİYETİ uyruklu.▮.Atina-Yunanistan adr.oturur. |
| | 3- JUAN FRANCISCO SANCHEZ, ANTONİO Oğlu MARİA'den olma,▮. 1974 doğumlu,▮ ikamet eder. |
| **SUÇ** | : Resmi Belgede Sahtecilik |
| **SUÇ TARİHİ VE ZAMANI** | : 03/03/2009 -Saat.14.30 |
| **SUÇ YERİ** | : S.G.Havalimanı-Pendik |
| **SEVK MADDESİ** | : Türk Ceza Kanunu 37/1,204/1,53,54 md.(şüpheliler hakkında ayrı ayrı birer kez.) |
| **DELİLLER** | : iddia,adli emanetin 2009/331 sırasında kyt.suça konu belgeler,ekspertiz raporu ve diğer evrak kapsamı |

**SORUŞTURMA EVRAKI İNCELENDİ**

Şüphelilerden Danna ve Jokayra'nın , diğer şüphelinin temin ettiği pasaportlar ile yurt dışına çıkmak isterlerken,sabiha gökçen havalimanı görevlilerine ibraz ettikleri pasaportlar ile yakalandıkları,pasaportlar üzerinde yaptırılan kriminal incelemede vize pullarının sakte ve iğfal kabiliyetine haiz olduklarının tespit edildiği,şüpheli Juan üzerinde de başka birçok şahsa ait isim ve seri numaralı liste ele geçirildiği,şüphelilerin aynı eylem ve irade birliği içerisinde hareket etmek suretiyle atılı suçu birlikte işledikleri tüm evrak içeriğinden anlaşılmakla

Şüpheliler hakkında  mahkemenizde yargılama icrasıyla eylemlerine uyan yukarıda yazılı sevk maddeleri uyarınca tecziyelerine,suç delillerinin müsaderesine, haklarında sevk maddelerinde belirtilen güvenlik tedbirlerinin uygulanmasına, karar verilmesi kamu adına talep ve iddia olunur.13/03/2009

İSMAİL DEGİRMENCİ 38073
Cumhuriyet Savcısı

**İFADE TUTANAĞI**
(Süpheli için: CMK 147, 150)

| **İFADE VERENİN\*** | : |
|---|---|
| T.C. kimlik numarası | : Amerika Vatandaşı |
| Adı ve soyadı | : Juan Francısco SANCHEZ |
| Baba ve ana adı | : Antonio - Maria |
| Doğum yeri ve tarihi | : Amerika — ████.1974 |
| Nüfusa kayıtlı olduğu yer | : Amerika Florida |
| İkamet Adresi Ve Telefon Numarası | : ████████Miami Florida Amerika |
| İşyeri adresi | : Aynı adres |
| Varsa telefonu (Ev-iş-cep-irtibat) | : ████8453 |
| Elektronik posta adresi | : Yok |
| Öğrenim Durumu | : Üniversite |
| Mesleği, ekonomik durumu | : Uluslararası iş sağlayıcı web sitesi sahibi-3000 Dolar |
| Cinsiyeti | : Erkek |
| Medenî hâli, çocuk sayısı | : Bekar – 2 çocuklu |
| İfadenin alındığı yer | : S. Gökçen Havalimanı Karakol Amirliği |
| İfadeye Başlama Tarih ve saat | : 04.03.2009 Saat :12.50 |
| İfadenin Konusu | : Resmi Belgede Sahtecilik, İnsan Kaçakçılığı, Evrak Sahteciliğine |
| İştirak etmek. | |

*İfade verene isnat olunan suç anlatıldı, müdafi seçme hakkının bulunduğu ve onun hukuki yardımından yararlanabileceği, müdafiinin ifade alma sırasında hazır bulunabileceği, müdafi seçecek durumda değilse ve bir müdafi yardımından yararlanmak istediği takdirde kendisine baro tarafından bir müdafi görevlendirilebileceği, yakınlarından istediğine yakalandığının derhâl bildirileceği, isnat edilen suç hakkında açıklamada bulunmamasının kanuni hakkı olduğu, şüpheden kurtulması için somut delillerinin toplanmasını isteyebileceği kendisine hatırlatılıp açıklandı*

<u>SORULDU/CEVABEN:</u> "Yukarıdaki kimlik ve adres bilgileri bana aittir ve doğrudur. Bana bütün haklarım tercüman aracılığıyla hatırlatıldı ve ben İstanbul Barosundan talep etmiş olduğum avukatım nezdinde ifademi vermek istiyorum. Ben 21.02.2009 günü Türkiye'ye geldim. Daha sonra 23.02.2009 günü Atina'ya gittim. Daha sonra kız arkadaşım Danna RAMIREZ MATEO ve arkadaşları olan Jokayra MATEO URENA ve Joel Tomas TORRES JIMENEZ ile 26.02.2009 günü tekrar Türkiye'de buluştuk. O tarihten beri Türkiye'ye İstanbul'da bulunduk. 03.03.2009 günü saat:14.30 sıralarında yukarıda ismi geçen arkadaşlarımla birlikte Sabiha Gökçen Havalimanından İtalya'ya gitmek isterken kız arkadaşlarımızın pasaportlarında bulunan Yunanistan vize pulları çalıntı ve sahte olduğu gerekçisiyle yakalandım. Ben söz konusu vize pullarının çalıntı olduğunu bilmiyorum. Nereden alındığını da tam olarak bilmiyorum. Düzenlenen tutanakta üzerimde çıktığı belirtilen resimli isim listesi benim üzerimden çıkmadı. Kız arkadaşıma Danna RAMIREZ MATEO'ya ait uçak biletleri içinden çıktı. Suçlamaları kabul etmiyorum. Diyeceklerim bundan ibarettir". Dedi ve alınan ifadesi yüzüne karşı okunarak imza altına alındı. 04.03.2009 saat:13.10

| **İfadeyi Alan** | **İfadeyi Yazan** | **Müdafi** | **Tercüman** | **İfade Sahibi** |
|---|---|---|---|---|
| Orhan URTEKİN | Yücel KARATAŞ | Av. Banu GEYDİR | Kamil GÜLLER | Juan Francisco SANCHEZ |
| Polis Memuru | Polis Memuru | İst. Barosu-17.887 | ████ 50 91 | Şüpheli |

Not: İfade verenin tutanağı imzalamaması durumunda bunun sebepleri kendisinden sorulup varsa tutanağa geçirilir. İfadenin aynı zamanda hangi teknik araçlarla kaydedildiği hususu tutanağın altına not olarak yazılır.

## UYGULANACAK HÜKÜMLER:

### 5237 SAYILI TÜRK CEZA KANUNU;

**Madde 204 -** (1) Bir resmî belgeyi sahte olarak düzenleyen, gerçek bir resmî belgeyi başkalarını aldatacak şekilde değiştiren veya sahte resmî belgeyi kullanan kişi, iki yıldan beş yıla kadar hapis cezası ile cezalandırılır.

**Madde 53 -** (1) Kişi, kasten işlemiş olduğu suçtan dolayı hapis cezasına mahkûmiyetin kanuni sonucu olarak;

a) Sürekli, süreli veya geçici bir kamu görevinin üstlenilmesinden; bu kapsamda, Türkiye Büyük Millet Meclisi üyeliğinden veya Devlet, il, belediye, köy veya bunların denetim ve gözetimi altında bulunan kurum ve kuruluşlarca verilen, atamaya veya seçime tâbi bütün memuriyet ve hizmetlerde istihdam edilmekten,

b) Seçme ve seçilme ehliyetinden ve diğer siyasî hakları kullanmaktan,

c) Velayet hakkından; vesayet veya kayyımlığa ait bir hizmette bulunmaktan,

d) Vakıf, dernek, sendika, şirket, kooperatif ve siyasî parti tüzel kişiliklerinin yöneticisi veya denetçisi olmaktan,

e) Bir kamu kurumunun veya kamu kurumu niteliğindeki meslek kuruluşunun iznine tâbi bir meslek veya sanatı, kendi sorumluluğu altında serbest meslek erbabı veya tacir olarak icra etmekten, yoksun bırakılır.

**Madde 54 -** (1) İyiniyetli üçüncü kişilere ait olmamak koşuluyla, kasıtlı bir suçun işlenmesinde kullanılan veya suçun işlenmesine tahsis edilen ya da suçtan meydana gelen eşyanın müsaderesine hükmolunur. Suçun işlenmesinde kullanılmak üzere hazırlanan eşya, kamu güvenliği, kamu sağlığı veya genel ahlâk açısından tehlikeli olması durumunda müsadere edilir.

### 5271 SAYILI CEZA MUHAKEMELERİ KANUNU;

**Madde 147 -** (1) Şüphelinin veya sanığın ifadesinin alınmasında veya sorguya çekilmesinde aşağıdaki hususlara uyulur:

a) Şüpheli veya sanığın kimliği saptanır. Şüpheli veya sanık, kimliğine ilişkin soruları doğru olarak cevaplandırmakla yükümlüdür.

b) Kendisine yüklenen suç anlatılır.

c) Müdafi seçme hakkının bulunduğu ve onun hukukî yardımından yararlanabileceği, müdafiin ifade veya sorgusunda hazır bulunabileceği, kendisine bildirilir. Müdafi seçecek durumda olmadığı ve bir müdafi yardımından faydalanmak istediği takdirde, kendisine baro tarafından bir müdafi görevlendirilir.

d) 95 inci Madde hükmü saklı kalmak üzere, yakalanan kişinin yakınlarından istediğine yakalandığı derhâl bildirilir.

e) Yüklenen suç hakkında açıklamada bulunmamasının kanunî hakkı olduğu söylenir.

f) Şüpheden kurtulması için somut delillerin toplanmasını isteyebileceği hatırlatılır ve kendisi aleyhine var olan şüphe nedenlerini ortadan kaldırmak ve lehine olan hususları ileri sürmek olanağı tanınır.

g) İfade verenin veya sorguya çekilenin kişisel ve ekonomik durumu hakkında bilgi alınır

h) İfade ve sorgu işlemlerinin kaydında, teknik imkânlardan yararlanılır.

i) İfade veya sorgu bir tutanağa bağlanır. Bu tutanakta aşağıda belirtilen hususlar yer alır:

1. İfade alma veya sorguya çekme işleminin yapıldığı yer ve tarih.

2. İfade alma veya sorguya çekme sırasında hazır bulunan kişilerin isim ve sıfatları ile ifade veren veya sorguya çekilen kişinin açık kimliği.

3. İfade almanın veya sorgunun yapılmasında yukarıdaki işlemlerin yerine getirilip getirilmediği, bu işlemler yerine getirilmemiş ise nedenleri.

4. Tutanak içeriğinin ifade veren veya sorguya çekilen ile hazır olan müdafi tarafından okunduğu ve imzalarının alındığı.

5. İmzadan çekinme hâlinde bunun nedenleri.